No. 628

CUMMINS, et v. WEIBER

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7450. Decided May 23, 1927.

997. REAL ESTATE—Where, in contract to purchase real estate, parties understand that purchaser desires to purchase property for purpose other than allowed by restrictions, and owner is to have such restrictions removed; prospective purchaser is entitled upon the failure of the owner to have said restrictions removed to recover money paid as part of consideration.

Error to Common Pleas. Judgment affirmed.

First Publication of this Opinion

**VICKERY, J.**

A contract was made between Charles Weiber and Clyde and Mary Cummins whereby the former agreed to pay $175,000 for certain property owned by Cummins and a deed was to be given for said property free from all incumbrances and clouds. As a part of the consideration, $5,000 was paid.

There were certain restriction on the property, which provided that nothing but a single family dwelling house should be built. It was understood between the parties that Weiber was buying the property to erect thereon an apartment hotel; and that Cummins was to have this restriction done away with, by quitclaim deeds or otherwise, from all the owners

interested in keeping the restrictions intact. Cummins failed to have the restrictions removed and Weiber recovered a judgment in the Cuyahoga Common Pleas for the money paid by him to Cummins. It is to reverse this judgment that error was prosecuted.

While there may be authorities to the proposition that a restriction is not an incumbrance, it depends upon the purpose for which the property is to be used. In the instant case, the property was to be used for a purpose other than would be permitted if the restrictions were left intact. Therefore it would amount to an incumbrance in this instance.

Although an ordinance was passed to amend the charter with reference to this property said ordinance did not remove the restriction, known in this record as the lesser restriction, which prevented the erection of anything other than a single family dwelling house upon this property, and this was the state of the record when Weiber sought to withdraw from the contract.

Since this is a suit to recover money which was paid on a contract which Cummins was unable to make good, there is no reason why Weiber could not recover.

Judgment affirmed.

(Sullivan, PJ., and Levine, JJ., concur).

Attorneys—W. S. Fitzgerald for Cummins, et; Snyder, Thompson, Ford & Seagrave for Weiber; all of Cleveland.